**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NANCY CAMARILLO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 5:22-cv-00745** |
| | § | |
| **HYATT CORPORATION, POLK SMITH REGENCY, LLC, AND HYATT REGENCY HILL COUNTRY RESORT AND SPA,** | § § § § | **Jury Demand** |
| | § | |
| **Defendants.** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Hyatt Corporation d/b/a Hyatt Regency Hill Country Resort and Spa ("Hyatt") files this Notice of Removal, as follows:

## I.
## COURT AND PARTY INFORMATION

1. HYATT CORPORATION D/B/A HYATT REGENCY HILL COUNTRY RESORT AND SPA ("Defendant") is the Defendant in this civil action commenced on June 3, 2022 in the 407th Judicial District of Bexar County, Texas, entitled *Nancy Camarillo v. Hyatt Corporation, Polk Smith Regency, LLC, and Hyatt Regency Hill Country Resort and Spa,* Cause No. 2022CI10247 ("State Court Action").

2. Copies of (1) Plaintiff's Original Petition; (2) Request for Service of Process; (3) Citation to Defendant Hyatt Regency Hill Country Resort and Spa; (4) Defendants Hyatt Corporation and Hyatt Regency Hill Country Resort and Spa's Original Answer; and (5) the Civil Docket Sheet are attached hereto and constitute all process, pleadings and orders served in the State Court Action. *See* Index of State Court Documents attached hereto. The address for the

407th Judicial District of Bexar County, Texas is as follows: Bexar County Courthouse, 100 Dolorosa, 5th Floor, San Antonio, TX 78205.

3. Plaintiff in the State Court Action is Nancy Camarillo ("Plaintiff"). Plaintiff is represented by Howard E. Davis (Texas Bar No. 05497590) and Kelly K. Davis (Texas Bar No. 24099668) of LAW OFFICE OF HOWARD E. DAVIS, P.C., 6655 First Park Ten Blvd., Suite 250, San Antonio, Texas 78213, (210) 738-8080, info@davislawSA.com, Irsih-X@davislawSA.com, and kelly@davislawSA.com. Defendant Hyatt Corporation d/b/a Hyatt Regency Hill Country Resort and Spa is one of the defendants in the State Court Action and is represented by Michael A. Logan (Texas Bar No. 12497500) and Bianca B. Lurate (Texas Bar No. 24106966) of Kane Russell Coleman Logan PC, 901 Main Street, Suite 5200, Dallas, Texas 75202, (214) 777-4200, mlogan@krcl.com, blurate@krcl.com.

## II.
## STATE COURT ACTION

4. Plaintiff claims that on June 13, 2020, she was injured while residing at the Hyatt Regency Hill Country Resort and Spa located at 9800 Hyatt Resort Drive, San Antonio, Texas 78251, when she was proceeding down the stairs on the sidewalk and fell, allegedly because she stepped onto rock, sand, and other debris on the sidewalk stairs.

5. Plaintiff requested a trial by jury in the State Court Action, and the jury fee has been paid.

## III.
## GROUNDS FOR REMOVAL

6. Defendant files this Notice of Removal on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a). A suit may be removed from state court to federal court on the grounds of diversity jurisdiction when the suit involves a controversy between citizens of different states

and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Except as otherwise expressly provided by an Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The San Antonio Division of the Western District of Texas is the United States district and division embracing Bexar County, Texas, the county in which the State Court Action is pending.

**A. <u>This Notice of Removal is timely filed.</u>**

8. The citation and petition in this action were served on Defendant on June 14, 2022, by serving Defendant's registered agent. This Notice of Removal is filed within thirty (30) days of receipt of the citation and petition and is, therefore, timely filed pursuant to U.S.C. § 1446(b).

**B. <u>Complete diversity exists between the parties properly joined.</u>**

9. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446. Complete diversity exists in this case because Plaintiff and Defendant are citizens of different states.

10. As stated in Plaintiff's Original Petition, Plaintiff is a resident of Texas. Thus, Plaintiff is now, and was at the time this action commenced, a citizen of the State of Texas.

11. Defendant Hyatt Corporation is a corporation formed under the laws of the State if Delaware, having its principal place of business now and at the time this action was commenced in Chicago, Illinois. Therefore, Defendant Hyatt Corporation is not a citizen of the State of Texas.

12. As Plaintiff is a citizen of the State of Texas and not of the State of Delaware, complete diversity exists pursuant to 28 U.S.C. § 1332.

13. If a defendant has been improperly joined, his presence must be disregarded by the court when determining the existence of diversity jurisdiction. *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 (5th Cir. 2000). A removing party may establish that a defendant was improperly joined by showing that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Smallwood*, 385 F.3d at 573; *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Plaintiff has asserted a premises liability claim against Defendant Polk Smith Regency, LLC. In order to prevail on a premises liability claim, Plaintiff must show that: 1) Plaintiff was an invitee; 2) Defendant was a possessor of the premises; 3) a condition on the premises posed an unreasonable risk of harm; 4) Defendant knew or reasonably should have known of the danger; 5) Defendant breached its duty of ordinary care by both failing to adequately warn the plaintiff of the condition, and failing to make the condition reasonably safe; and 6) Defendant's breach proximately caused the plaintiff's injuries. *See Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *see also CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *Keetch v. Kroger, Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536–37 (Tex. 1975). Here, Defendant Polk Smith Regency, LLC has no affiliation with the resort where Plaintiff stayed. In fact, it holds the liquor license at the Hyatt Regency Houston, which is approximately 200 miles away from the location of the incident at hand. Therefore, Plaintiff cannot establish that Polk Smith Regency, LLC was a possessor of the premises at issue. Accordingly, Polk Smith Regency, LLC was improperly joined and must be disregarded by the Court when determining diversity jurisdiction. Hyatt Corporation is the sole

proper defendant.

**C. <u>The amount in controversy requirement is satisfied.</u>**

14. As reflected in Plaintiff's Original Petition, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. Specifically, Plaintiff seeks monetary relief not to exceed $1,000,000. *See* Plaintiff's Original Petition, ¶12. Therefore, the estimate of damages that has been put at issue in this action by Plaintiff and the amount in controversy in this action exceeds $75,000. Per Plaintiff's counsel, Ms. Camarillo has incurred $127,084.52 in medical charges and has a surgical recommendation estimated at $60,850, and a demand for $450,000 was presented to Hyatt.

15. Removal of the State Court Action is proper pursuant to 28 U.S.C. § 1441, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332(a) cause Plaintiff and Defendant are diverse in citizenship.

**WHEREFORE**, Defendant, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 407th Judicial District, Bexar County, Texas.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Michael A. Logan*
Michael A. Logan
Attorney-in-Charge
State Bar No. 12497500
E-Mail: mlogan@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4294
Facsimile: (214) 777-4299

**ATTORNEY FOR DEFENDANT HYATT CORPORATION D/B/A HYATT REGENCY HILL COUNTRY RESORT AND SPA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 13th day of July 2022, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for Plaintiff by operation of the Court's electronic filing system, unless counsel for Plaintiff is not registered with the CM/ECF system, in which case the undersigned certifies that a copy of the foregoing document was sent to counsel for Plaintiff via certified mail, return receipt requested.

/s/ *Michael A. Logan*
Michael A. Logan